In the Matter of Louis P. Kaufman, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 5, 1988

### APPEARANCES OF COUNSEL

*Geri R. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Stanley S. Arkin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee, moves for an order confirming the Hearing Panel's findings of fact and conclusions of law, and suspending respondent from the practice of law for six months.

Respondent was admitted to the Bar in New Jersey in January 1976, and admitted to practice in New York in the First Department on November 9, 1981.

On March 11, 1985 he was convicted in New Jersey, upon a plea of guilty of unlawful possession of a controlled dangerous substance, namely, 8½ tablets of methaquaalude, in violation of New Jersey Food and Drugs Law (NJ Stat Annot) § 24:21-20. He was fined $750 and sentenced to two years of probation.

On May 6, 1985, on a plea of guilty, he was convicted of unlawful possession of a controlled dangerous substance, namely, cocaine, in violation of New Jersey Food and Drugs Law (NJ Stat Annot) § 24:21-20 (a) (1). On June 14, 1985 he was sentenced to two years of probation, fined $750, ordered to submit to urine testing and to continue psychotherapy. The sentences on both convictions were to run concurrently.

On May 20, 1987 this court directed a "serious crime" hearing. Respondent was also charged with the failure to notify the court and the Committee of both of his criminal convictions. At the hearing respondent conceded the fact of his two convictions, as well as his failure to notify the Committee of his convictions, and reserved the right to present mitigating factors with regard to sanction.

In mitigation he submitted a letter from his probation officer stating that he had satisfactorily completed his two-year sentence of probation. Respondent noted that in 1983 he had separated from his wife, and left her as the custodial parent of their three children. At the same time he lost his job with his father-in-law as a real estate developer. Protracted litigation ensued over his claims to unpaid commissions. He took a job as an associate at a law firm, but left because of emotional problems and personal difficulties, and became a construction supervisor at a residential building. He admitted to drug usage in college, but denied using them after college until 1984, when he was arrested twice. He commenced psychotherapy in 1984 to address his personal, professional and drug problems. He claims that he has been drug-free since 1984.

The Panel discredited respondent's testimony that he had not used drugs prior to 1984, because he had stated to an arresting police officer, who wrote a presentence report, that he had been using increasing quantities of cocaine since 1981. The Panel also discredited his testimony that he has been drug-free since his arrest in 1984, because of the absence of

factual proof. Although he submitted four letters from a doctor who certified that he was drug-free, he failed to call the doctor, and did not submit a single medical report of urinalysis or blood tests.

The Panel found that respondent's conviction for possession of cocaine was a serious crime and constitutes professional misconduct, and that his conviction for possession of methaquaalude violates Code of Professional Responsibility DR 1-102 (A) (6) in that it reflects adversely upon the Bar and his fitness to practice law. Additionally, the Panel found his failure to notify the court and the Committee of his two criminal convictions violated Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (b). The Panel recommended that he be suspended for six months, finding that case was less similar to situations where attorneys were convicted of marihuana possession and were censured, than to those who were convicted of cocaine possession, and received suspensions of from six months to three years. The Panel noted that he had been suspended for six months in New Jersey.

In response to the petition, respondent argues that his drug usage arose from a combination of severe personal and financial problems, and that he has now resolved his problems. He also notes that despite his admission in New York in 1981, most of his professional and real estate work has been in New Jersey. Thus, his failure to notify New York was not intentional but resulted from his having practiced in New Jersey for over a decade.

Respondent does note that he underwent drug testing as a condition of his probation. He adds that he has not been convicted of a felony, and supplies several letters from various individuals attesting to his good character. He offers censure as an alternative to suspension.

Respondent has now been twice convicted of drug possession. He apparently lied to the Committee in his representation that he had not used drugs prior to 1984. He failed to notify the Committee of his convictions, although this lapse is somewhat understandable, since he had been practicing in New Jersey for most of his career. In any event, sufficient exists to warrant a suspension of six months, which, we note, is also the period of time he was suspended in New Jersey.

Accordingly, respondent is suspended from the practice of law for a period of six months and until further order of this court.

MURPHY, P. J., SULLIVAN, ROSS, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of six months, effective May 5, 1988, and until the further order of this court.